# Smith *v.* Coffman, Appellant.

*Will—Life estate—Fee simple estate on a contingency—Devise—Provision for widow.*

Testator directed as follows: "I give unto my wife and son W. the old homestead. The widow to remain on the farm as long as she remains my widow. W. to provide and care for the widow as long as she lives. If the widow should marry again she will be debarred from having a home with W. Every thing that remains on the farm, at my death is to stay on the farm, W. always to keep two cows for the widow. If W. should marry and if they could not agree W. should build himself a new house, and to live in the same. If W. should die before the widow, and not being married at the widow's death, the whole property to fall back again to my two sons and two daughters, and if W. outlives the widow, the whole of the property is his at her death." W. died unmarried before testator's widow. *Held,* that W. took only a life estate under the will, subject to be enlarged to a fee simple estate if he survived the widow.

Argued March 9, 1909. Appeal, No. 281, Jan. T., 1908, by defendants, from judgment of C. P. Monroe Co., Sept. T., 1906, No. 28, on verdict for plaintiffs in case of Davis Smith and Charles Eberle, Guardian of Chester Smith, v. Thomas Coffman and Bertha Coffman. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Ejectment for land in Paradise township. Before STAPLES, P. J.

The facts are stated in the opinion of the Supreme Court. The court gave binding instructions for plaintiffs.

Verdict and judgment for plaintiffs. Defendants appealed.

*Error assigned* was in giving binding instruction for plaintiffs.

*Rogers L. Burnett*, with him *Henry J. Kotz*, for appellants.

*Wilton A. Erdman*, with him *Stewart S. Shafer*, for appellees.

PER CURIAM, April 12, 1909:

The defendant, Bertha Coffman, claimed title to the land for which ejectment was brought by devise from William E. Smith. Whatever estate he had was derived under the following paragraph of his father's will: "I give unto my wife Fanna and son William E. Smith the old Home Stead, the widow to remain on the farm as long as she remains my widow. William E. Smith to provide and care for the widow as long as she lives. If the widow should marrie again, she will be debared from having a home with William E. Smith, Everything that remains on the farm, at my death is to stay on the farm, William E. Smith allways to keep two (2) cows for the widow. The old Home Stead lines is to run from a small rock Oak—it stands on a rock from rock Oak near George Bushes. If William E. Smith should marry and if tha couldent agree, William E. Smith is to build himself a new house and to live in the same, If William E. Smith should die before

the widow and not being married at the widows death, the whole property to fall back again to my two sons and two daughters, and if William E. Smith outlives the widow, the whole of the property is his at her death—Selda Lesher to remain with William E. Smith, until he becomes twenty-one years of age, William to provide and care for him."

William E. Smith died unmarried, before the testator's widow. At the trial a verdict was directed for the plaintiffs on the ground that he took only a life estate under the will, subject to be enlarged to a fee simple estate on a contingency which never happened. Although the first clause of the sentence at the beginning of the paragraph imports an absolute devise, it is clear from what follows that the testator's intention was to provide for his wife for life and to make the estate of the son contingent upon his survival.

The judgment is affirmed.